**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Elzay DEPEW, Defendant–
Appellant.**

**No. 00–30373.**

**D.C. No. CR 97–0072 DWM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 2001.

Decided Aug. 22, 2001.

Before NOONAN, TASHIMA, and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM [*]

Robert Elzay Depew appeals his conviction and sentence for manufacturing a controlled substance, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

Depew's argument that law enforcement agents entered the curtilage of his house when they conducted a thermal scan of the building has been rendered moot by the Supreme Court's recent decision in *Kyllo v. United States,* —— U.S. ——, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001). Under *Kyllo,* the thermal scan was a search, and hence violated the Fourth Amendment, no matter where the agents were standing when

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

they conducted it. The information gained from the thermal scan therefore cannot be used to support the probable cause determination underlying the search warrant that was issued.

The district court held, however, that even without the information from the thermal scan, the affidavit of Agent Richard Hicks contains sufficient evidence to support a finding of probable cause, but it did not explain what information in the affidavit it was relying on. The issue is further clouded by apparent inconsistencies in the district court's prior opinion in this case. *See generally United States v. Depew,* 992 F.Supp. 1209 (D.Mont.1998). In that decision, the district court apparently found that an anonymous tip that was relayed to Agent Stanton Hayes was the result of an illegal investigation of Depew in Idaho, and concluded that the tip and other tainted information from the investigation therefore could not be used to establish probable cause. *Id.* at 1211. But the court then relied on the tip, as well as other information about Depew's overturned Idaho conviction, in its probable cause determination. *Id.* at 1213 (describing the "untainted information" in the affidavit). Similarly, the court found that the inspection of Depew's electricity meter on October 9, 1997, was a Fourth Amendment violation, and that "evidence gathered by way of the warrantless entry upon defendant's property must be suppressed." *Id.* But the court, nonetheless, went on to rely on a report of the power usage at Depew's house for the following week. *Id.* at 1214. The government concedes that this report came from a meter that was installed on the transformer, off Depew's property, as a result of the October 9 inspection. The meter on the transformer would never have been installed had the October 9 curtilage violation not taken place.

Another source of confusion in the record is the fact that in its earlier decision, the district court referred to affidavits from both Hicks and Hayes. *Id.* at 1211. But in its more recent decision, the district court apparently relied only on the Hicks affidavit, and only the Hicks affidavit has been reproduced as a part of the Excerpts of Record on this appeal.

In the current state of the record, we are unable to determine precisely what information the district court relied on in making its probable cause determination. We consequently are also unable to determine whether that information was properly relied on, and whether the probable cause determination was correct.

Accordingly, the district court's probable cause determination is VACATED, and the case is REMANDED for further findings to clarify the basis of the district court's probable cause determination, and for such further proceedings, if any, including the vacation of the judgment and sentence, as may be necessary in light of the district court's redetermination of the probable cause issue on remand.[1]

---

1. Our disposition makes it premature to reach any of the other issues raised by Depew on this appeal.